**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARISA SALZER,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF MONTESANO,<br><br>  Defendant. | Case No.: 3:21-cv-5113<br><br>**COMPLAINT** |

  Plaintiff, MARISA SALZER, by and through her undersigned counsel, hereby files this Complaint against Defendant, CITY OF MONTESANO, alleges as follows:

**PRELIMINARY STATEMENT**

  1. Plaintiff, MARISA SALZER, is profoundly deaf as a congenital condition and requires communication accessibility in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication in public and work situations requiring accommodations. Defendant discriminated against Plaintiff by failing to provide her with a sign language interpreter nor accurate closed captioning during the bi-weekly City Council meetings which is otherwise open to the public and live streamed on media platforms for public

COMPLAINT - 1

access.

2. Defendant' discriminatory acts, as alleged herein, represent a continuing violation illustrated by previous instances of similar discriminatory conduct, which have placed Defendant on notice of their obligation to accommodate deaf individuals. Plaintiff, who had served as a Council Member of the City of Montesano in 2012 through 2014, had made formal requests to the then-mayor, Ken Estes, and the City Administrator, Kristi Powell, to provide a sign language interpreter for the City Council meetings and executive sessions. Plaintiff repeatedly stated the importance of sign language interpreters on the record during two City Council meetings in January 2014. Defendant's repeated failure to provide qualified interpreters compelled Plaintiff to file a complaint with the Human Rights Commission on July 8, 2014, and the then-Mayor Estes published a public apology letter on in July 2014.

3. The discriminatory acts described in allegations herein show that Defendant continues to deprive Deaf and hard of hearing people of their fundamental civil and political rights. Despite Plaintiff's repeated requests for an interpreter, Defendant was deliberately indifferent to Plaintiff's deprivation of rights. Defendant's denial of effective communication prevented Plaintiff from exercising her fundamental right to participate in the democratic process and public decision making. Such discriminatory treatment caused Plaintiff emotional distress, frustration, and loss of dignity.

4. Plaintiff brings this lawsuit to seek injunctive and declaratory relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Washington Law Against Discrimination ("WLAD"), Rev. Code Wash. (ARCW) § 49.60; and

COMPLAINT - 2

other state and common law causes of action.

### THE PARTIES

5. Plaintiff MARISA SALZER is an individual residing at 1310 W. Whisperwood Ln. Montesano WA 98563. Ms. Salzer is Deaf, and is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws. Plaintiff requires the use of reasonable accommodations including closed captioning and American Sign Language Interpreters to communicate in public and work situations.

6. Defendant CITY OF MONTESANO is a municipality within the State of Washington, and has its primary place of operation at 112 N. Main Street, Montesano WA 98563.

### JURISDICTION & VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff and Defendant reside within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

### STATEMENT OF FACTS

9. Plaintiff is Deaf. Plaintiff requires the use of reasonable accommodations including closed captioning and American Sign Language Interpreters to communicate in public and work situations.

10. Plaintiff is a resident of the City of Montesano.

11. Plaintiff is a former City Council member and is currently an engaged citizen who desires to participate in the Council meetings as a member of the general public.

COMPLAINT - 3

12. The City is led by a Mayor and a City Council of 7 elected members. The City Council convenes in meeting twice a month. These meetings are accessible to the general public.

13. From on or around March 16, 2020, due to the COVID-19 Pandemic, access to the City Hall of Montesano was limited or restricted.

14. Since March 2020 to date, the City Council meetings and other public hearings were live-streamed and/or video-recorded and uploaded online on the City of Montesano's Facebook page.

15. The videos of City Council meetings and other public hearings did not include closed-captioning nor an ASL interpreter. No transcripts were made available.

16. Plaintiff wrote comments on Facebook requesting that the City provide accurate closed captioning for the multiple videos that are uploaded, but those comments were left without explanation nor a response.

17. On August 24, 2020, Plaintiff wrote an email to the Mayor of the City, Vini Samuel, requesting that all City Council meetings be uploaded with accurate closed captioning. Plaintiff also included third party resources regarding captioning requirements to inform the Mayor's office. Plaintiff also informed in her email that the City has a legal duty to provide captioning for any and all videos released by the agency, with or without the request.

18. On August 26, 2020, the Mayor responded to Plaintiff's email, informing Plaintiff that she may choose to attend the meeting in-person and use an equipment that would presumably provide some form of service to "address hearing impairment." The in-person attendance was suggested despite the fact that, as of August 25, 2020 -- according to official data provided by Washington State -- there had been total of 72,631 COVID-19 cases in Washington state-wide,

COMPLAINT - 4

and the number of new cases were rapidly rising.[1] By the governor's proclamation, a gathering of over 10 people was restricted.

19. The Mayor also assured in her August 26th email that she would work on providing closed captioning for the videos streamed and uploaded on Facebook. To date, the videos of City Council meetings are streamed and uploaded on Facebook without captioning with the exception of no more than two videos, despite numerous advance notice and request for accommodations formally sent ahead of time by Plaintiff. In her request, Plaintiff noted that there were particular matters in the meetings that relate to her own community and annexation of her neighborhood, yet, even with this knowledge, the City failed to heed her interests.

20. From November 23, 2020 to December 11, 2020, the City Hall of Montesano's access was limited to staff members due to a surge in COVID-19 cases. As such, members of the general public rely upon videos to virtually attend the City Council meetings.

21. Upon information and belief, at least one other member of the City has requested captioning for the streamed and recorded videos uploaded on Facebook.

22. On January 12, 2021, Plaintiff joined the "live" City Council meeting virtually via City of Montesano's Facebook page.

23. Throughout the January 12, 2021 meeting, no captions were provided for the live streamed video.

24. Using the Facebook comment function, Plaintiff requested that captions be enabled.

25. An individual (elected councilman) managing the live stream video for the city named Dan Wood responded to Plaintiff's comment, mistakenly informing Plaintiff that the

---

[1] COVID-19 Data Dashboard, Washington State Department of Health, https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard

COMPLAINT - 5

captions are on. Sometime later, Dan Wood informed that captions are not on, and that technical work was underway.

26. The meeting proceeded until the end without any captioning despite multiple requests made by Plaintiff.

27. At the agenda for council meetings, the City represents that "seating priority in Council chambers is made available to persons requiring ADA/CFR accommodations" upon 72 hours advance notice and request for accommodations, which applies only to people with physical disabilities (such as wheelchairs), but not sensorial disabilities (such as hearing).

28. However, to date, the City has taken not resolved issues and failed to provide accommodations requested by Plaintiffs and other members of the public.

29. Without closed captioning, Plaintiff is unable to understand the discussions in the City Council meeting, exacerbated by the fact that Council Members' faces and lips are covered by masks.

30. Defendant's actions resulted in Plaintiff being irretrievably denied the complete understanding of the City Council Meetings, and prevented Plaintiff from exercising her fundamental right to participate in the democratic process and public decision making.

31. Defendant's willful, knowing and repeated acts of intentional discrimination against Plaintiff evinces a pattern and practice of discrimination that caused Plaintiff to suffer emotional pain and anguish.

32. Defendant's policy – whether formal or informal – of not arranging an accurate closed captioning results in a failure of their legal duty to make timely, reasonable accommodations.

33. Defendant's discriminatory treatment caused Plaintiff emotional distress,

COMPLAINT - 6

frustration, and loss of dignity.

## CLAIM 1: VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AGAINST CITY OF MONTESANO

34. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

35. At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131 et seq., has been in full force and effect and has applied to Defendant's conduct.

36. At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to the Defendant's conduct.

37. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the ADA.

38. Defendant is a public entity as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

39. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

40. Federal Regulations implementing Title II of the ADA state that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as

COMPLAINT - 7

effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

41. Federal Regulations implementing Title II of the ADA state that a public entity "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

42. Federal Regulations implementing Title II of the ADA state that "[a] public entity shall furnish appropriate auxiliary aids and services where necessary," and "shall give primary consideration to the requests of individuals with disabilities." 28 C.F.R. § 35.160(b).

43. Defendant discriminated against Plaintiff on the basis of her disability by excluding her from participation in and denying her the benefits of their services, and by subjecting her to discrimination, in violation of the ADA.

44. Defendant further discriminated against Plaintiff by failing to ensure effective communication through the provision of closed-captioning services.

45. As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf persons.

46. Plaintiff is therefore entitled to compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, as well as an award of attorney's fees, costs, and disbursements, pursuant to the ADA, 42 U.S.C. § 12133.

**CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT AGAINST CITY OF MONTESANO**

47. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

48. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C.

COMPLAINT - 8

§ 794, has been in full force and effect and has applied to the Defendant's conduct.

49. At all times relevant to this action, Plaintiff has had a substantial limitation to the major life activities of hearing, and has been an individual with a disability within the meaning of the Rehabilitation Act.

50. At all times relevant to this action, Defendant and the City Council meetings have been programs or activities receiving federal financial assistance, and are therefore subject to the Rehabilitation Act.

51. Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

52. Defendant subjected Plaintiff to discrimination on the basis of her disability, in violation of 29 U.S.C. § 794.

53. As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf persons.

54. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

55. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

### CLAIM 3: VIOLATIONS OF THE WASHINGTON LAW AGAINST DISCRIMINATION AGAINST DEFENDANT THE CITY OF MONTESANO

56. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

COMPLAINT - 9

57. At all times relevant to this action, the Washington Law Against Discrimination (WLAD), Rev. Code Wash. (ARCW) § 49.60 et seq., has been in full force and effect and has applied to the Defendant's conduct.

58. At all times relevant to this action, Plaintiff has been a person with a disability within the meaning of WLAD § 49.60.040(7).

59. At all times relevant to this action, Defendant held Council Meetings in places of public accommodation within the meaning of WLAD § 49.60.040(2).

60. The WLAD § 49.60.030 guarantees that disabled persons shall enjoy "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ";

61. Plaintiff is an aggrieved person within the meaning of WLAD;

62. Defendant discriminated against Plaintiff on the basis of her disability in violation of the NJLAD, as set forth above.

63. As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional Deaf persons.

64. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to WLAD § 49.60.030(2).

65. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to WLAD § 49.60.030(2).

**PRAYER FOR RELIEF**

66. WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

COMPLAINT - 10

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that all Defendant has subjected Plaintiff to unlawful discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and that Defendant subjected Plaintiff to unlawful discrimination in violation of the Washington Law Against Discrimination;

b. Enjoin Defendant from implementing or enforcing any policy, procedure, and/or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

c. Order Defendant:

    i. to develop, implement, promulgate, comply, and further develop a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

    ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendant will consider the communication needs of deaf individuals who seek Defendant's services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make its services accessible;

    iii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, the Rehabilitation Act, and the WLAD;

    iv. to appoint and designate an official with the City Hall's administration exclusively tasked to handle requests for accommodations and to oversee implementation of the policies and training in full compliance under the

COMPLAINT - 11

ADA, the Rehabilitation Act, and the WLAD;

    v. be subject to auditing by the state auditor's office or related agency that oversees the implementations of ADA accommodation.

    vi. To provide Plaintiff notice and opportunity to be heard on all prior meeting agendas for which an interpreter nor closed captioning was not provided and to stay execution of any decided items where Plaintiff was not provided an equal opportunity for notice and opportunity to be heard;

d. Award to Plaintiff:

    i. Compensatory damages pursuant to the ADA and the Rehabilitation Act, and pursuant to the WLAD;

    ii. Punitive damages given the willful, continuous wrongs,

    iii. Reasonable costs and attorneys' fees pursuant to the ADA, the Rehabilitation Act, and the WLAD;

    iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

Any and all other relief that this Court finds necessary and appropriate.

Dated this 12th day of February, 2021.

                                             LAW OFFICE OF CARL J. MARQUARDT PLLC

                                             /s/ *Carl J. Marquardt*
                                             Carl J. Marquardt (WA Bar No. 23257)
                                             1126 34th Avenue, Suite 311
                                             Seattle, WA 98122
                                             Tel:   (206) 388-4498
                                             Email: carl@cjmlawoffice.com

|   |   |
|---|---|
| 1 | |
| 2 | EISENBERG & BAUM, LLP |
|   | Andrew Rozynski (*pro hac vice pending*) |
| 3 | NY# 5054465 |
|   | 24 Union Square East, Fourth Floor |
| 4 | New York, NY 10003 |
|   | Phone: (212) 353-8700 |
| 5 | Fax: (212) 353-1708 |
|   | arozynski@eandblaw.com |

*Attorneys for Plaintiff*

COMPLAINT - 13